Filed 9/3/13  Chepel v. Swinney CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| IGOR CHEPEL,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CHRIS SWINNEY,<br><br>Defendant and Respondent. | C069535<br><br>(Super. Ct. No. 34200800006391CUNPGDS) |

Plaintiff Igor Chepel, representing himself on appeal as he did in the trial court, urges us to reverse a jury verdict in which he lost each of the three causes of action he asserted against his ex-wife's boyfriend, defendant Chris Swinney.  Plaintiff asks us to disregard defendant's appellate brief for violating filing deadlines.  Even if we were to grant plaintiff's request, it would not solve the fatal deficiency in his appeal—the absence of a sufficient record to support his claims.  Without a reporter's transcript and with only a skeletal clerk's transcript, we must affirm the judgment.

1

## FACTS

We would normally begin with a recitation of the relevant facts upon which the appeal is predicated.  In this case, however, not even the complaint is included in the clerk's transcript.  The judgment states that the jury found against plaintiff on his causes of action for assault, for the intentional infliction of emotional distress, and for slander.  The judgment reflects the only facts we can use to evaluate plaintiff's allegations on appeal.

The clerk's transcript also includes the parties' trial briefs and an assortment of declarations.  These documents suggest that the parties were embroiled in a protracted dispute involving the custody of plaintiff's children.  Plaintiff may not appreciate that trial briefs do not constitute evidence.  We must, however, presume the existence of all facts in support of the jury verdict where, as here, there is an appeal of the judgment roll. (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324 (*Nielsen*).)

## DISCUSSION

Plaintiff raises four issues on appeal:  the trial court erred by allowing defendant to produce witnesses at trial he had not disclosed in advance, he was denied the opportunity to present evidence of his medical damages, the trial court should have ordered sua sponte a judgment notwithstanding the verdict in his favor, and defendant was not entitled to costs.  He fails to sustain his burden of showing that any of these allegations constitute reversible error by failing to produce a record and provide citations to support his assignments of error.

As to his complaint about the tardy disclosure of witnesses, he does not produce the court's ruling, name the witnesses he objected to, or demonstrate how he was prejudiced by the late disclosure.  We are at a loss to determine who they were, what the court ruled, and how the ruling mandates reversal.  Left blind, we cannot determine whether the ruling was in error and, if so, if it prejudiced plaintiff's case.  Moreover, apparently plaintiff does not understand that the trial court retains broad discretion to

control the admission of evidence, and therefore he fails to sustain his burden of demonstrating an abuse of discretion. (*Santillan v. Roman Catholic Bishop of Fresno* (2012) 202 Cal.App.4th 708, 727.)

Plaintiff's complaint about the denial of his request to exclude Officer Devries' testimony suffers the same deficiency. Plaintiff provides only the minute order, noting that his motion was denied. He does not provide a record to demonstrate what testimony he provided or if the officer's police report was admitted into evidence and, if it was, why the admission of the evidence was an abuse of discretion. Nor did plaintiff demonstrate how the testimony or the report resulted in his substantial prejudice.

The pattern continues. He complains he was not allowed to introduce evidence of his damages. First, the jury absolved defendant of liability as to each of the causes of damages. As a result, the exclusion of evidence of damages did not prejudice defendant. But second, the lack of a record precludes our review. Plaintiff fails to include in the record the list of medical records, evidence they were marked as an exhibit for admission, the objections he made at trial, and the court's ruling. In the absence of a record, plaintiff's complaint fails.

Without either factual or legal support, plaintiff asserts the trial court had a sua sponte obligation to grant judgment in his favor notwithstanding a jury verdict to the contrary. Since plaintiff fails to provide a record of the oral proceedings, we must conclusively presume that sufficient evidence supports the jury's factual findings. (*Nielsen*, *supra*, 178 Cal.App.4th at p. 324.)

Finally, plaintiff contends defendant was not entitled to costs because the memorandum of costs was not verified. It was, however, verified by defendant's counsel as allowed by rule 3.1700(a)(1) of the California Rules of Court. In his reply brief, he adds that defendant did not show that the costs he claimed were reasonably necessary, and from his point of view, the reporter's transcript was a mere convenience, not a necessity. We have no record to assess whether the costs were reasonable, although we

3

have no trouble advising plaintiff that the cost of a reporter's transcript is not only reasonable but, if included in the record on appeal, would have allowed us to review the record for the errors he asserts justify a reversal. On the bare bones presented to us, we must affirm.

**DISPOSITION**

The judgment is affirmed.

_____RAYE_____, P. J.

We concur:

\_\_\_\_\_NICHOLSON\_\_\_\_\_, J.

\_\_\_\_\_HULL_____, J.